BLOOD HURST & O'REARDON, LLP
Timothy G. Blood, Bar No. 149343
tblood@bholaw.com
Thomas J. O'Reardon II, Bar No. 247952
toreardon@bholaw.com
701 B Street, Suite 1700
San Diego, CA 92101
Tel: (619) 338-1100
Fax: (619) 338-1101

NEWPORT TRIAL GROUP
A Professional Corporation
Scott J. Ferrell, Bar No. 202091
sferrell@trialnewport.com
Victoria C. Knowles, Bar No. 277231
vknowles@trialnewport.com
4100 Newport Place Dr., Suite 800
Newport Beach, CA 92660
Tel: (949) 706-6464
Fax: (949) 706-6469

Attorneys for Plaintiff and the Class

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE CONDE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SENSA PRODUCTS, LLC; and DOES 1-10, Inclusive,<br><br>Defendants. | Case No.: **'14CV0051 JLS  WVG**<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

CLASS ACTION COMPLAINT

Plaintiff Jose Conde ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following on information and belief:

## I.   INTRODUCTION

1.     Sensa Products, LLC ("Defendant") manufactures, markets, and sells "Sensa," a line of weight loss products consisting of Sensa crystals that consumers are instructed to sprinkle on their food ("the Sensa Products").  Defendant claims through multiple marketing and advertising channels including radio, TV, print, infomercials, online, and via in-store retailers that the Sensa Products provide significant and proven weight loss benefits, including *Without Dieting*.[1]  Defendant promises that with the Sensa Products, all you have to do is "sprinkle, eat, and lose weight."  These claimed weight loss benefits are the only reason a consumer would purchase the Sensa Products. In reality, Defendant's advertising are false, misleading, and reasonably likely to deceive the public because the Sensa Products do not, and cannot provide the weight loss benefits promised.

2.     Plaintiff brings this class action lawsuit to enjoin the ongoing deception of hundreds of thousands of California and United States consumers by Defendant, and to recover the money taken by this unlawful practice.

## II.   THE PARTIES

**A.   Plaintiff.**

3.     Plaintiff Jose Conde is a resident of California and purchased Defendant's Sensa Products in 2013.   Plaintiff was exposed to and relied on Defendant's representations regarding the weight loss efficacy of the Sensa Products, as detailed herein, and but for those representations, Plaintiff would not have purchased the Sensa Products. The Product does not provide the promised benefits.  Had Plaintiff known the truth about Defendant's misrepresentations and omissions at the time of his purchase, Plaintiff would not have purchased the Sensa Products.  By purchasing the falsely advertised Sensa Products, Plaintiff suffered injury-in-fact and lost money.

---

[1] *See* www.sensa.com (last visited January 7, 2014).

CLASS ACTION COMPLAINT

**B.    Defendant.**

4.    Sensa Products, LLC is a Delaware limited liability company with its principal place of business and headquarters at 2301 Rosecrans Avenue, El Segundo, California 90245.  Sensa Products manufactures, markets, and sells the Sensa Products across the entire United States.  The conduct at issue substantially emanates from California.  For example, the following persons were based on and/or worked in El Segundo, California: (1) Don Ressler, Executive Chairman, oversaw all operational aspects of the company, including marketing and sales; (2) Kristen Chadwick, President of Sensa Products, who took over Mr. Resser's day-to-day management responsibilities; (3) Scott Whitter, Chief Scientific Officer of Sensa Products; (4) Stacey Kivel, Chief Marketing Officer of Sensa Products, who has overseen the marketing of Sensa; (5) Elizabeth Francis, Chief Marketing Officer of Intelligent Beauty, Inc. (a related company that is now known as Sensa, Inc.) who provided various marketing services to Sensa Products, including media buying; (6) Jeff Campbell, Executive Vice President of Sensa Products, who is familiar of the marketing of Sensa; (7) Jason Morano, Vice President, Online Media for Sensa Products, who is familiar with the marketing of Sensa; (8) Katelyn O'Reilly, Director of Public Relations for Sensa Products; (9) Michael Shay, Vice President, Customer Service for Sensa Products, who manages Sensa Products' on-site call center oin El Segundo; and (10) Cody Congleton, Vice President, Customer Relationship Management for Sensa Products.  According to Sensa Products, "[m]ost, if not all, of Sensa Products' material marketing and sales documents are located in or accessible through computers located in El Segundo and/or elsewhere in Los Angeles County."

5.    The true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names.  Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein.  Plaintiff will seek leave of Court to amend this Complaint to reflect the true names and capacities of the DOE

- 3 -

CLASS ACTION COMPLAINT

1  Defendants when such identities become known.

2    6. At all relevant times, each and every Defendant was acting as an agent
3  and/or employee of each of the other Defendants and was acting within the course
4  and/or scope of said agency and/or employment with the full knowledge and consent of
5  each of the Defendants.  Each of the acts and/or omissions complained of herein were
6  alleged and made known to, and ratified by, each of the other Defendants (Sensa
7  Products, LLC and DOE Defendants will hereafter collectively be referred to as
8  "Defendant").

9        **III. JURISDICTION AND VENUE**

10    7. A Court has diversity jurisdiction over this class action pursuant to 28
11  U.S.C. § 1332 as amended by the Class Action Fairness Act of 2005 because the
12  amount in controversy exceeds $5,000,000, exclusive of interest and costs, and is a
13  class action in which some members of the class are citizens of different states than the
14  Defendant. *See* 28 U.S.C. §1332(d)(2)(A).

15    8. This Court also has personal jurisdiction over Defendant because
16  Defendant currently does business in this state.

17    9. Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391 because
18  Defendant is subject to personal jurisdiction in this District and a substantial portion of
19  the conduct complained of herein occurred in this District.

20          **IV. FACTS**

21    10. Defendant manufactures, markets, and sells the Sensa Products in the form
22  of flavored powders as weight-loss products that consumers may use "*Without Dieting*"
23  to lose weight.[2] Since the launch of the Sensa Products in or about 2008, and
24  throughout its extensive, integrated, and widespread marketing campaign, Defendant
25  has consistently conveyed the message to consumers throughout the United States that
26  the Sensa Products provide substantial weight loss benefits, including by promising
27  consumers all they need to do is "sprinkle, eat, and lose weight."

28  [2] *Id.*

CLASS ACTION COMPLAINT

11.    Defendant claims the Sensa Products "work[] with your sense of smell and taste to help you feel full faster so you eat less and feel more satisfied."[3]   Indeed, Defendant assures consumers that by merely using the Sensa Products, you can "feel full faster without deprivation" "causing you to eat less and lose weight."[4]   Defendant promises that these weight loss promises are "based on over 25 years of scientific research on the science of smell and taste…."[5]

12.    To bolster its significant weight loss promises to consumers, Defendant also uses testimonials from Sensa Product users; however, Defendant *pays* those consumers for their positive weight loss results.   For example, on Defendant's website, www.sensa.com/original-sensa, Defendant includes a testimonial from "Fefe" in Florida who claims that with the Sensa Products, she has lost 70 lbs in 11 months and "feel[s] like a completely new person."   What consumers are barely able to see is that "Fefe" was "compensated for excellent results" and that her weight loss was also due to a "sensible diet."   In other words, Defendant is paying for positive testimonials where consumers are using the Sensa Products while *dieting*.   Defendant's promise that these results may be achieved "without dieting" is false and misleading to the average consumer looking to lose weight.

13.    Defendant makes the false and deceptive weight-loss promises throughout its websites.   For example, at www.dm.trysensa.com, Defendant states:

- STOP DIETING.  START LIVING.
- SENSA gives you the freedom to lose weight without giving up the foods you love.
- SENSA helps you eat less food.
- SENSA helps you kick cravings to the curb.
- TOP TEN REASONS TO TRY SENSA

---

[3] www.sensa.com/original-sensa (last visited January 7, 2014).
[4] *Id.*
[5] *Id.*

CLASS ACTION COMPLAINT

1.   It's NOT a diet

2.   There are no stimulants, fat blockers or side effects

3.   You can still eat all of your favorite foods (life's too short to deprive yourself of the things you love)

4.   You don't have to spend money on bland, pre-packed meals

5.   The patent-pending technology is based on 25 years of scientific research

6.   It's proven effective in one of the largest clinical weight-loss studies

7.   Average weight loss is 30.5 pounds!

8.   It's as easy to use as salt & pepper.  Just sprinkle it one...and watch the weight come off.

9.   You'll have 30 DAYS to try Sensa, and your satisfaction is GUARANTEED.

10.  You can try it FREE

- NO   OTHER   WEIGHT-LOSS   PRODUCT   HAS   SUCH EXTRAORDINARY CLINICAL RESULTS.

- **Sensa was proven effective in one of the largest clinical studies ever performed on a non-prescription weight-loss product.**

14.   Defendant's television commercials, infomercials and Internet-based video advertisements repeat and reinforce the Sensa Products' false and deceptive weight loss advertisements.   In a video entitled "Sensa on the Street, which is available on Defendant's YouTube page, www.youtube.com/sensaweightloss, and has been viewed nearly 380,000 times, Defendant's announcer asks purported independent consumers participating in a taste-test: "What if I told you that the pizza on your right by eating it, you could actually lose weight?"  Taglines stating "Revolutionary Weight Loss System. When Diet & Exercise Aren't Enough" and "Sensa Weight-Loss System" also appear in the video.   Another video, entitled "Michelle's Weight Loss Story," which is disseminated by Defendant and has been viewed online over 100,000 times, repeats and

- 6 -

reinforces the false and deceptive message, stating in part, "I'm Michelle, from San Juan Capistrano, California, and I lost 40 pounds using Sensa." Likewise, in one of Defendant's infomercial with Sensa Products' celebrity endorser Patti Stanger, the following occurs:

> Announcer: "What do you say to people that are just like, there is no way that you can tell me that this is all you do [depicting sprinkling the Sensa Products] and you're gonna lose weight?"

> Patti Stanger: "I'm sorry, the science is there. Go online, read Dr. Hirsch's studies. It is there. And it works. You and I are living proof of it working."

> Announcer: "Absolutely."

> Patti Stanger: "And I don't know why people are waiting. Pick up the phone. Call. Order it. Try it. What do you got to lose?"

15.    In another of Defendant's video advertisements, entitled, "How Sensa Works," (which has been viewed over 1.4 million times), the following is stated:

> Announcer: "How does Sensa work? As you eat, Sensa works with your sense of smell and taste to help stimulate your body's natural hunger control switch. So one bite triggers your body into thinking that you've eaten more than you have. Let's say you typically eat four slices of pizza in one sitting. Now imagine if you could feel full and satisfied from two slices, instead of your usual four. That might not sound like a major change, but suppose you had pizza for dinner every Friday night. A typical slice of cheese pizza has approximately 300 calories, so you'd save 31,200 calories in a year. You simply sprinkle sense on your food to help you feel full faster, curb your appetite, and reduce cravings."

16.    Defendant's print advertisements for its Sensa Products also repeat and reinforce the false and deceptive weight-loss promises. For example, a print advertisement for the Sensa Products states: "SENSA is clinically proven to help you lose 30 lbs without dieting or spending all your time working out.** Just sprinkle on your food, eat and lose weight!"

17.     Defendant's weight loss promises are false and deceptive.  In reality, Defendant's Sensa Product do not, cannot and will not provide the significant weight loss benefits promised to consumers.  The ingredients in the Sensa Products do not have the ability to perform as promised and, as recently remarked by a spokesperson for the Federal Trade Commission (hereafter "FTC"), "the science just isn't there."[6]

18.     As the inventor, manufacturer, and distributor of Sensa Products, Defendant possesses specialized knowledge regarding the content and effects of the ingredients contained in Sensa Products and Defendant is in a superior position to know whether its Sensa Products work as advertised.

19.     Specifically, Defendant knew, but failed to disclose, that the Sensa Products do not provide the weight loss benefits represented.

20.     Defendant's misrepresentations regarding the Sensa Products' weight loss efficacy were designed to, and did, lead Plaintiff and others similarly situated (collectively the "Class") to believe that the Sensa Products could effectively cause weight loss.    Plaintiff and members of the Class relied on Defendant's misrepresentations and would not have paid as much, if at all, for the Sensa Products but for Defendant's misrepresentations. Plaintiff and the Class's reliance on Defendant's efficacy assertions also caused them to forego using other healthy, effective weight loss options.

21.     Defendant sells a *one-month* supply of the Product for approximately $59 based on the preceding false advertising claims.  As a result, Defendant has wrongfully taken millions of dollars from consumers nationwide.   In fact, the FTC recently reported that Defendant has wrongfully profited off its false advertising for the Sensa Products to the tune of more than $364 million in sales the United States.[7]

22.     Plaintiff brings this class action lawsuit to enjoin the ongoing deception of

---

[6] *See* Katy Bachman, "Sprinkle, Eat and Pay Up BigTime: Sensa Sheds $26.5 Million to Settle FTC Charges," AdWeek. Available at http://www.adweek.com/news/advertising-branding/sprinkle-eat-and-pay-big-time-sensa-sheds-265-million-settle-ftc-charges-154781 (last visited January 7, 2014).
[7] *Id.*

CLASS ACTION COMPLAINT

1 | hundreds of thousands of consumers by Defendant, and to recover the money taken by
2 | this unlawful practice.

### V.    CLASS ACTION ALLEGATIONS

4 |   23.  Plaintiff brings this class action for damages and other monetary relief on
5 | behalf of the following class:

> All persons located within the United States who purchased
> any of the Sensa Products between August 22, 2012, through
> the date of final judgment in this action (the "Class").

  24.  This action is brought and may be properly maintained as a class action pursuant to the provisions of Federal Rule of Civil Procedure 23(a)(1)-(4) and 23(b)(1)-(3).  This action satisfies the numerosity, typicality, adequacy, predominance and superiority requirements of those provisions.

  25.  The Class is so numerous that the individual joinder of all of its members is impractical.  *See* Fed. R. Civ. P. 23(a)(1).  While the exact number and identities of Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes the Class includes hundreds of thousands of members.  Plaintiff alleges that the Class may be ascertained by the records maintained by Defendant.

  26.  Common questions of fact and law exist as to all members of the Class which predominate over any questions affecting only individual members of the Class.  *See* Fed. R. Civ. P. 23(a)(2).  These common legal and factual questions, which do not vary from class member to class member, and which may be determined without reference to the individual circumstances of any class member, include, but are not limited to, the following:

> a.  Whether Defendant's Sensa Products contain ingredients that can cause weight loss;
>
> b.  Whether Defendants Sensa Products contain ingredients that may effect a consumers sense of taste and smell;

- 9 -

c.     Whether Defendant's Sensa Products can provide the results promised;

c.     Whether Defendant's representations regarding the Sensa Products were false;

d.     Whether Defendant knew that its representations were false;

e.     Whether Defendant's conduct constitutes a violation of California's false advertising law (Cal. Bus. & Prof. Code §§ 17500, et seq.);

f.     Whether Defendant's conduct constitutes an unfair, unlawful, and/or fraudulent business practice in violation of California's unfair competition law (Cal. Bus. & Prof. Code §§ 17200, et seq.);

g.     Whether Defendant's conduct constitutes a violation of California's Consumer Legal Remedies Act (Cal. Civ. Code §§ 1750, et seq.);

h.     Whether Plaintiff and Class members are entitled to compensatory damages, and if so, the nature of such damages;

i.     Whether Plaintiff and Class members are entitled to restitutionary relief; and

j.     Whether Plaintiff and Class members are entitled to injunctive relief.

27.     Plaintiff's claims are typical of the claims of the members of the Class. *See* Fed. R. Civ. P. 23(a)(3). Plaintiff and all members of the Class have sustained injury and are facing irreparable harm arising out of Defendant's common course of conduct as complained of herein. The losses of each member of the Class were caused directly by Defendant's wrongful conduct as alleged herein.

28.     Plaintiff will fairly and adequately protect the interests of the members of the Class. *See* Fed. R. Civ. P. 23(a)(4). Plaintiff has retained attorneys experienced in the prosecution of class actions, including complex consumer and mass tort litigation.

29.     A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class

members is impracticable.  *See* Fed. R. Civ. P. 23(b)(3).  Even if every Class member could afford individual litigation, the court system could not.  It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed.  Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues.  By contrast, the conduct of this action as a class action, with respect to some or all of the issues presented herein, presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

30.   The prosecution of separate actions by thousands of individual Class members would create the risk of inconsistent or varying adjudications with respect to, among other things, the need for and the nature of proper notice, which Defendant must provide to all Class members.  *See* Fed. R. Civ. P. 23(b)(1)(A).

31.   The prosecution of separate actions by individual class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.  *See* Fed. R. Civ. P. 23(b)(1)(B).

32.   Defendant has acted or refused to act in respects generally applicable to the Class, thereby making appropriate final injunctive relief with regard to the members of the Class as a whole.  *See* Fed. R. Civ. P. 23(b)(2).

/ / /

/ / /

/ / /

/ / /

/ / /

/ /

CLASS ACTION COMPLAINT

# VI.   CAUSES OF ACTION

## FIRST CAUSE OF ACTION

## VIOLATION OF CALIFORNIA'S FALSE ADVERTISING LAW
### (CAL. BUS. & PROF. CODE §§ 17500, *ET SEQ.*)

**(By Plaintiff and on Behalf of the Class Against Defendants)**

33.    Plaintiff incorporates by this reference the allegations contained in the paragraphs above as if fully set forth herein.

34.    Plaintiff has standing to pursue this cause of action because Plaintiff has suffered injury in fact and has lost money as a result of Defendant's actions as set forth herein.  Plaintiff and the other Class members have suffered injury in fact and lost money as a result of purchasing the falsely advertised Sensa Products and Defendant's unlawful, unfair, and fraudulent practices.

35.    Defendant has engaged in false advertising as it has disseminated false and/or misleading advertising and marketing representations about the Sensa Products and their ability to provide effective weight loss.

36.    Defendant knew or should have known by exercising reasonable care that its representations were false and/or misleading.  During the Class Period, Defendant engaged in false advertising in violation of Cal. Bus. & Prof. Code §§ 17500, *et seq.*, by misrepresenting in its labeling, advertising, and marketing of the Sensa Products to Plaintiff, Class members, and the consuming public, that its Products could cause weight loss when they could not.

37.    By disseminating and publishing these statements in connection with the sale of the Sensa Products, Defendant has engaged in and continues to engage in false advertising in violation of Bus. & Prof. Code §§ 17500, *et seq.*

38.    As a direct and proximate result of Defendant's conduct, as set forth herein, Defendant has received ill-gotten gains and/or profits, including but not limited to, money.  Therefore, Defendant has been unjustly enriched.  Pursuant to Cal. Bus. & Prof. Code § 17535, Plaintiff requests restitution and restitutionary disgorgement for all

- 12 -

1    sums obtained in violation of Cal. Bus. & Prof. Code §§ 17500, *et seq.*  Plaintiff seeks

2    injunctive relief, restitution, and restitutionary disgorgement of Defendant's ill-gotten

3    gains as specifically provided in Cal. Bus. & Prof. Code § 17535.

4        39.    Plaintiff and Class members seek to enjoin Defendant from engaging in

5    these wrongful practices, as alleged herein, in the future.  There is no other adequate

6    remedy at law and if an injunction is not ordered, Plaintiff and the Class will suffer

7    irreparable harm and/or injury.

8                          **SECOND CAUSE OF ACTION**

9            **UNLAWFUL, FRAUDULENT & UNFAIR BUSINESS PRACTICES**

10              **(CAL. BUS. & PROF. CODE §§ 17200, *ET SEQ.*)**

11           **(By Plaintiff and on Behalf of the Class Against Defendants)**

12       40.    Plaintiff incorporates by this reference the allegations contained in the

13   paragraphs above as if fully set forth herein.

14       41.    Plaintiff has standing to pursue this cause of action because Plaintiff has

15   suffered an injury in fact and has lost money as a result of Defendant's actions as set

16   forth herein.    Specifically, Plaintiff purchased the Sensa Products in reliance on

17   Defendant's efficacy assertions and promises related thereto.  Plaintiff and the other

18   Class members have suffered injury in fact and lost money as a result of purchasing the

19   falsely advertised Sensa Products and Defendant's unlawful, unfair, and fraudulent

20   practices.

21       42.    Defendant's actions as alleged in this Complaint constitute an unfair or

22   deceptive business practice within the meaning of California Business and Professions

23   Code §§ 17200, *et seq.*, the Unfair Competition Law ("UCL"), in that Defendant's

24   actions are unfair, unlawful, and fraudulent, and because Defendant has made unfair,

25   deceptive, untrue, or misleading statements in advertising media, including the Internet,

26   within the meaning of California Business and Professions Code §§ 17200, *et seq.*

27       43.    Defendant knew or should have known by exercising reasonable care that

28   its representations and omissions were false and/or misleading.  During the Class

CLASS ACTION COMPLAINT

Period, Defendant engaged in unfair, unlawful, and fraudulent business practices in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by misrepresenting in its labeling, advertising, and marketing of the Sensa Products to Plaintiff, Class members, and the consuming public that the Sensa Products contained ingredients that could effectively cause weight loss and were effective based thereon.

44.     Each of the aforementioned representations alleged in this Complaint was false and misleading because the Sensa Products do not contain ingredients that can cause weight loss individually, or in any combination.  The efficacy claims regarding the Sensa Products' ability to cause weight loss are therefore false and deceptive.

45.     Defendant knew, or should have known, that its material representations and omissions would be likely to deceive the consuming public and result in consumers purchasing the Sensa Products and, indeed, intended to deceive consumers.

46.     As a result of its deception, Defendant has been able to reap unjust revenue and profit.

47.     Defendant's business practices, as alleged herein, are "unfair" because they offend established public policy and/or are immoral, unethical, oppressive, unscrupulous, and/or substantially injurious to consumers in that consumers are misled by the claims made with respect to the Sensa Products as set forth herein.  Plaintiff alleges violations of California consumer protection and unfair competition laws resulting in harm to consumers.  Plaintiff asserts violations of public policy against engaging in unfair competition, and deceptive conduct towards consumers.  There were reasonably available alternatives to further Defendant's legitimate business interests other than Defendant's wrongful conduct described herein.

48.     Defendant's above-described wrongful acts and practices also constitute "unlawful" business acts and practices in violation of California's fraud and deceit statutes, Civil Code §§1572, 1573, 1709, 1711, Business & Professions Code §§17200, et seq., 17500, et seq., and the common law, including breach of express warranty. Plaintiff and Class members reserve the right to allege other violations of law

1  Defendant committed constituting unlawful business acts or practices violating
2  California Business and Professions Code §17200..

3     49.   Defendant's business practices constitute "fraudulent business acts or
4  practices" because, among other things, its representations and omissions of material
5  facts are likely to, and did, deceive customers—including Plaintiff and members of the
6  Class—into believing that the Sensa Products have characteristics, ingredients, and
7  benefits they do not have.

8     50.   Defendant's wrongful business practices constituted, and constitute, a
9  continuing course of conduct of unfair competition since Defendant is marketing and
10  selling its Sensa Products in a manner likely to deceive the public.

11    51.   As a direct and proximate result of Defendant's wrongful business
12  practices in violation of Business and Professions Code §§ 17200, *et seq.*, Plaintiff and
13  members of the Class have suffered economic injury by losing money as a result of
14  purchasing the Sensa Products.  Plaintiff and members of the Class would not have
15  purchased or would have paid less for the Sensa Products had they known that they
16  were not as represented.

17    52.   Pursuant to Business and Professions Code § 17203, Plaintiff and the Class
18  seek an order of this Court enjoining Defendant from continuing to engage in unlawful,
19  unfair, or deceptive business practices and any other act prohibited by law, including
20  those set forth in the Complaint.  Plaintiff and the Class also seek an order requiring
21  Defendant to make full restitution of all moneys they wrongfully obtained from
22  Plaintiff and the Class.

23  **THIRD CAUSE OF ACTION**
24  **VIOLATION OF THE CONSUMERS LEGAL REMEDIES ACT**
25  **(CAL. CIV. CODE §§ 1750, *ET SEQ.*)**
26  **(By Plaintiff and on Behalf of the Class Against Defendants)**
27    53.   Plaintiff incorporates by this reference the allegations contained in the
28  paragraphs above as if fully set forth herein.

- 15 -

CLASS ACTION COMPLAINT

54.   Plaintiff has standing to pursue this cause of action because Plaintiff has suffered an injury in fact and has lost money as a result of Defendant's actions as set forth herein. Specifically, Plaintiff and other members of the Class purchased the Sensa Products in reliance on Defendant's claims about the Sensa Products' ability to provide weight loss benefits.

55.   Defendant has engaged in and continues to engage in business practices in violation of California Civil Code §§ 1750, *et seq*. (the "Consumers Legal Remedies Act") by making false representations concerning the Sensa Products' ability to cause weight loss. These business practices are misleading and/or likely to mislead consumers and should be enjoined.

56.   Defendant has engaged in deceptive acts or practices intended to result in the sale of the Sensa Products in violation of Civil Code § 1770.  As described above, Defendant knew and/or should have known that its misrepresentations of fact concerning the abilities of the Sensa Products were material and likely to mislead the public, and that the omissions were of material facts they were obligated to disclose. Defendant affirmatively misrepresented that the Sensa Products had benefits which they did not have.

57.   Defendant's conduct alleged herein violates the Consumers Legal Remedies Act, including but not limited to, the following provisions: (1) representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have in violation of Civil Code § 1770(a)(5); (2) representing that  good or services are of a particular standard, quality, or grade…if they are of another in violation of Civil Code § 1770(a)(7); (3) advertising goods or services with intent not to sell them as advertised in violation of Civil Code § 1770(a)(9); and (4) representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not in vi9olation of Civil Code § 1770(a)(16).   As a direct and proximate result of Defendant's conduct, as set forth

herein, Defendant has received ill-gotten gains and/or profits, including but not limited to, money.  Therefore, Defendant has been unjustly enriched.

58.    There is no other adequate remedy at law, and Plaintiff and Class members will suffer irreparable harm unless Defendant's conduct is enjoined.

59.    Plaintiff's counsel mailed to Defendant, by certified mail, return receipt requested, the written notice required by Civil Code Section 1782(a).  A copy of this letter is attached hereto as Exhibit One.  Should Defendant fail to respond within thirty days, Plaintiffs will amend to seek damages under the California Consumer Legal Remedies Act.

60.    The declaration of venue required by Civil Code § 1780(d) is concurrently filed herewith and is attached hereto as Exhibit Two.

61.    Defendant's conduct is fraudulent, wanton, and malicious.  For example, Defendant was previously the subject of several class action lawsuits regarding the false and misleading representations and omissions about the Sensa Products' ability to provide substantial weight loss benefits.  After conducting discovery, including deposing the study director of one of the primary studies upon which Defendant relies, these class action lawsuits resulted in a nationwide settlement over Sensa Products sold prior to August 22, 2012.  Nevertheless, Defendant continues to falsely advertise the weight loss benefits of the Sensa Products.  Moreover, on January 7, 2014, the Federal Trade Commission announced a settlement with the Defendant over the Sensa Products.  In its complaint, the FTC noted that in one of the studies Defendant funded and controlled, "some test subjects did not lose the weight reported in the data," and "on one or more occasions, [the study center] or its contractors sent the subjects' purported monthly weight data to the Corporate Defendants and a third party in advance of weighing the subjects.  Moreover, owners of [the study center] or their family members appeared as endorsers in Sensa advertising."  Despite the pendency of the FTC investigation, Defendant continued to falsely advertise the Sensa Products.

///

1     62.    Defendant's wrongful business practices constituted, and constitute, a

2   continuing course of conduct in violation of the Consumer Legal Remedies Act since

3   Defendant is still representing that its Sensa Products have ingredients, characteristics,

4   uses, benefits, and abilities which are false and misleading, and have injured Plaintiff

5   and the Class.  Plaintiff and the Class therefore seek an order of this court enjoining

6   Defendant from continuing to engage in unlawful, unfair, or deceptive business

7   practices and any other act prohibited by law, including those set forth in the complaint,

8   pursuant to California Civil Code Section 1780(a)(2).

9                               **PRAYER FOR RELIEF**

10          WHEREFORE, Plaintiff and members of the Class request that the Court enter

11   an order or judgment against Defendants, and each of them as named in the future, as

12   follows:

13          1.     For an order certifying the Class, appointing Plaintiff and his counsel to

14   represent the Class, and notice to the Class to be paid by Defendants;

15          2.     For damages suffered by Plaintiff and Class members;

16          3.     For restitution to Plaintiff and Class members of all monies wrongfully

17   obtained by Defendants;

18          4.     For an injunction ordering Defendants to cease and desist from engaging in

19   the unfair, unlawful, and/or fraudulent practices alleged in the Complaint;

20          5.     For both pre-judgment and post-judgment interest at the maximum

21   allowable rate on any amounts awarded;

22          6.     For Plaintiff's costs of the proceedings herein;

23          7.     For reasonable attorneys' fees as allowed by statute; and

24          8.     For any and all such other and further relief that this Court may deem just

25   and proper.

26   ///

27   ///

28   ///

CLASS ACTION COMPLAINT

1

## **DEMAND FOR JURY TRIAL**

2

Plaintiff hereby demands a trial by jury of all claims and causes of action so

3

triable in this lawsuit.

4

Dated: January 7, 2014

5

NEWPORT TRIAL GROUP
A Professional Corporation

6

Scott J. Ferrell

7

8

9

By:_____

10

Scott J. Ferrell
Attorney for Plaintiff and the Class

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 19 -

CLASS ACTION COMPLAINT