1

2

3

4

5

6

7

8          **UNITED STATES DISTRICT COURT**

9          **SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 10  MOLLIE DELANEY, ANGELA DOBBINS, and AMANDA RETCOFSKY individually and on behalf of all others similarly situated, | CASE No. 14-CV-2120 JLS (WVG) |
| 12 | **ORDER (1) GRANTING GNC'S REQUEST FOR JUDICIAL NOTICE AND (2) GRANTING PLAINTIFF'S MOTION TO CONSOLIDATE AND TO APPOINT INTERIM CLASS COUNSEL PURSUANT TO FED. R. CIV. P. 23(G)(3)** |
| Plaintiffs, | |
| vs. | |
| 16  SENSA PRODUCTS, LLC, SENSA, INC., f/k/a INTELLIGENT BEAUTY, INC., GENERAL NUTRITION CORP., GENERAL NUTRITION CENTERS, INC., and ALAN R. HIRSCH, | (ECF No. 34) |
| Defendants. | |
| 21  JOSE CONDE, individually and on behalf of all others similarly situated, | CASE No. 14-CV-51 JLS (WVG) |
| Plaintiff, | |
| vs. | (ECF No. 17) |
| 26  SENSA PRODUCTS, LLC; and DOES 1-10, Inclusive, | |
| Defendants. | |

- 1 -                    14cv2120, 14cv51, 14cv2325

1

2   SUSAN GRACE STOKES,                          CASE No. 14-CV-2325 JLS (WVG)
    Individually and On Behalf of Herself
3   and All Others Similarly Situated,

4
                                    Plaintiff,
5      vs.                                       (ECF No. 24)

6

7   SENSA PRODUCTS, LLC; and
    DOES 1-10, Inclusive,
8

9                                   Defendants.
    _____

10

11         Presently before the Court are three related cases: *Conde v. Sensa, et al.*, Case

12  No. 14-CV-51 JLS (WVG), *Delaney v. Sensa, et al.*, Case No. 14-CV-2120 JLS

13  (WVG), and *Stokes v. Sensa, et al.*, Case No. 14-CV-2325 JLS (WVG).  Plaintiffs

14  Mollie Delaney, Angela Dobbins, and Amanda Retcofsky (the "Delaney Plaintiffs")

15  bring this Motion to Consolidate the Above-Captioned Cases and to Appoint Bursor

16  & Fisher, P.A. as Interim Class Counsel Pursuant to Fed. R. Civ. P. 23(G)(3).  Also

17  before the Court is Defendants General Nutrition Corp. and General Nutrition Centers,

18  Inc.'s ("GNC") Opposition to Plaintiff's Motion, Objections to the Declaration of

19  Timothy Fisher, and Request for Judicial Notice.  (ECF  No. 37, 39, 40.)

20         The Court vacated the hearing set for December 18, 2014 and took the matter

21  under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1).

22  Having considered the Parties' arguments and the law, the Court **GRANTS** GNC's

23  request for judicial notice, **GRANTS** Plaintiff's Motion to Consolidate and to Appoint

24  Interim Class Counsel, and declines to rule on GNC's Objections.[1]

25

26  _____

27      [1]Neither of these objections are relevant to the Court's decision. That Plaintiff Stokes supports
    the motion is corroborated in the fact that she did not file an opposition.  Additionally, this is a
28  preliminary and non-dispositive motion and the Court finds it appropriate to act on the representations
    of counsel in the interests of judicial efficiency.

**BACKGROUND**

The *Conde*, *Stokes*, and *Delaney* cases each seek class certification on behalf of U.S. purchasers of the Sensa Weight Loss System which was marketed as "an easy, effective way to lose weight." (Mot. To Consolidate 2, ECF No. 34-1.)  The Sensa System consists of shaking "tastant crystals" or "sprinkles" on one's food, which work with a person's sense of smell to stimulate the brain and curb the appetite.  (*Id.*) Plaintiffs claim that the sales pitch used is "false, misleading, and unsubstantiated because there is no competent and reliable scientific evidence to substantiate these claims."  (*Id.*)  Each Plaintiff also states in the complaint that they would not have purchased Sensa, had it not been for the false and misleading advertising.  (*Id.* at 7.) A brief overview of each of the cases follows.

In *Conde*, Plaintiff is a California resident seeking national class certification on behalf of all persons who purchased Sensa from August 22, 2012 to present. (RJN, Ex. B, ECF No. 40.) Plaintiff brings three claims including: Violation of California's False Advertising Law; Unlawful, Fraudulent, and Unfair Business Practices; and Violation of the Consumers Legal Remedies Act. (*Id.* at 35–38.)

In *Stokes*, Plaintiff is a Florida resident seeking national class certification on behalf of all persons who purchased Sensa from August 22, 2012 to present. (RJN, Ex. A, ECF No. 40.)   Plaintiff also seeks to certify a sub-class of Florida residents. (*Id.*) Plaintiff brings four claims including: Breach of Implied Warranty of Merchantability, Breach of Express Warranty, Violation of Florida Deceptive and Unfair Trade Practices Act, and Unjust Enrichment.  (*Id.* at 13–19.)

There are three named plaintiffs in *Delaney*. Plaintiffs Mollie Delaney and Angela Dobbins are residents of California.  (Compl. 8, 14cv2120, ECF. No. 1.) Plaintiff Amanda Retcofsky is a resident of Pennsylvania.  (*Id.*)  They seek national class certification on behalf of themselves and other purchasers of Sensa crystals from August 22, 2012 to present and "assert claims against Defendants for violations of the Magnuson-Moss Warranty Act, California's Consumers Legal Remedies Act,

California's False Advertising Law, the unlawful, unfair and fraudulent prongs of California's Unfair Competition Law, Pennsylvania's Unfair Trade Practices and Consumer Protection Law, for breach of implied and express warranties, and for negligent misrepresentation." (*Id.* at 5, 36.)  The *Delaney* Plaintiffs seek certification of California and Pennsylvania subclasses.  (*Id.* at 36.)

The *Conde* and *Stokes* cases name Sensa Products, LLC and Does 1–10 as Defendants.  The *Delaney* case additionally names Sensa, Inc., f/k/a Intelligent Beauty, Inc., GNC, and Alan R. Hirsch as defendants.   The *Delaney* Plaintiffs move to consolidate the three cases and to appoint Bursor & Fisher as interim class counsel.  GNC is the only party who opposes this Motion.[2]

## REQUEST FOR JUDICIAL NOTICE

Pursuant to Federal Rule of Evidence 201, a court may take judicial notice of facts not subject to reasonable dispute.  Courts may take notice of "proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to the matters at issue."  *United States v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

GNC requests the Court take judicial notice of (A) the Complaint in *Stokes v. Sensa Products, LLC*, Case No. 3:14-cv-02325-JLS-WVG, Southern District of California, (B) the Complaint in *Conde v. Sensa Products, LLC*, Case No. 3:14-cv-00051-JLS-WVG, Southern District of California, and (C) the Complaint in *FTC v. Sensa Products, LLC, et. al.*, Case No. 14-cv-0072, Northern District of Illinois - Eastern Division.  (RJN, ECF No. 40.)  Because each of these is a pleading in a U.S. District Court, and has a direct relation to Plaintiff's Motion to Consolidate, the Court takes judicial notice of each Complaint.

---

[2] Plaintiff Jose Conde filed a notice of non-opposition. (Notice of Non-Opp'n, 14cv51, ECF No. 21.) Plaintiff Susan Stokes supports the motion. (Fisher Decl. 1, ECF No. 34-2.) Additionally, Civil Local rule 7.1(f)(3)(c) states that if an opposing party fails to file their papers, that failure may constitute a consent to the granting of a motion.  Accordingly, the other parties  who have not opposed Plaintiff's Motion have consented to the Court granting Plaintiff's requests.

## CONSOLIDATION

Under Federal Rule of Civil Procedure 42(a), this Court may consolidate cases that "involve a common question of law or fact." Fed. R. Civ. P. 42(a). A district court has broad discretion to consolidate cases pending in the same district. *Investors Research Co. v. U.S. Dist. Ct. for Cent. Dist. Of California*, 877 F.2d 777 (9th Cir. 1989). In addition, the Court may consolidate cases for discovery purposes even if joinder would not be permitted under Federal Rule of Civil Procedure 20. *In re EMC Corp.*, 677 F.3d 1351, 1360 (Fed. Cir. 2012).

Plaintiffs contend that the cases should be consolidated because they involve substantially similar factual issues, including: "the cases name the same defendants; Plaintiffs are all individuals who purchased Sensa; Defendants' false and misleading statements about Sensa's efficacy; if the truth about the efficiency of Sensa had been disclosed, none of the Plaintiffs in any of the three actions would have purchased the product, since it was falsely and misleadingly advertised; [and] Plaintiffs have lost money in the form of the purchase price paid for Sensa." (Mot. to Consolidate 6–7, ECF No. 34-1.) Accordingly, Plaintiffs argue that consolidating the three cases will promote the expeditious resolution of pleading matters, simplify the presentation of issues Defendants intend to raise concerning the sufficiency of the complaint, avoid duplicative motions and hearings, and avoid the unnecessary delay in their resolution. (*Id.* at 7.)

The Plaintiffs in the *Conde* and *Stokes* cases have not objected to consolidation. The only objection comes from GNC who is a defendant in only one of the three cases. GNC objects to the consolidation for three reasons: (1) GNC is not a defendant in the *Conde* or *Stokes* cases and the facts that relate to GNC are unique to it, (2) the cases may involve consumer protection laws from three different states, and (3) consolidation will result in confusion, delay, and prejudice because Plaintiff will conflate the different Defendants' actions in attempt to hold GNC liable for Sensa's actions.

The Court agrees with Plaintiff that simply because one of the cases names an additional defendant does not mean there are no similarities in fact between the cases. This difference in fact does not preclude the Court from using its broad discretion in deciding whether consolidation is appropriate. In fact, the cases have overwhelming similarities. Each case primarily alleges that Defendants made false representations about the Sensa Weight Loss System. In each of the three Complaints, Plaintiffs document the allegedly unlawful advertising and make substantially identical legal claims. Plaintiffs all claim to have purchased Sensa due to false representations, and state that they would not have purchased the product but for the false advertising. In addition, they all claim to have lost money in the form of the purchase price of Sensa.

Similarly, the Court finds GNC's second argument unconvincing. Despite the fact that the laws of different states may be involved, the underlying similarities in law is overwhelming. The legal bases for relief are the same in each case. Plaintiffs claim that each Defendant violated consumer protection laws and breached express and implied warranties. Further the proposed classes are identical, and two of the cases include state subclasses. The Consolidation of these three cases would conserve judicial resources by avoiding duplication of effort and unnecessary motion practice. Consolidation would not change the rights of the Parties, or affect the claims or defenses asserted in each individual action. The *Delaney* Complaint is clear as to which allegations involve GNC, and the Court perceives no apparent attempt to conflate Sensa and GNC. In sum, the benefits gained outweigh any inconvenience to GNC. Therefore, consolidation for pretrial purposes would best serve the interests of judicial efficiency and is appropriate.

## INTERIM COUNSEL

"A Court may designate interim counsel to act on behalf of the putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). Rule 23(g)(1) directs the Court, in appointing class counsel, to consider: the work counsel has done in investigating the claims, counsel's experience in handling

other complex litigation, counsel's knowledge of the applicable law, the resources counsel would commit to the case, and any other matter pertinent to counsel's ability to fairly and adequately represent the class.  In general, a class is fairly and adequately represented where counsel is qualified, experienced, and generally capable of conducting class action litigation.  *Jordan v. Cnty. of L.A.*, 669 F.2d 1311, 1323 (9th Cir. 1980), *vacated on other grounds*, 459 U.S. 810 (1982).

Defendant GNC argues that the Court should not appoint interim class counsel because it would be premature.  However, the Court may "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action."  F.R.C.P. 23(g)(3).  The Court agrees with Plaintiffs that appointing interim class counsel at this stage in the proceedings will eliminate duplicative work going forward in the interests of judicial efficiency.  Furthermore, Bursor & Fisher has demonstrated that it is capable of adequately and fairly representing Plaintiffs in this case.  Bursor & Fisher has successfully represented other Sensa purchasers in a previous class action and the firm has spent a considerable amount of time and resources investigating the current case.  (Mot. to Consolidate 9–13, ECF No. 34-1.)  The Firm also represents that it is prepared to provide significant resources and personnel to the present action.  (*Id.* at 16.)  Lastly, the firm has a strong familiarity with consumer protection law and extensive experience in multi-state class actions and other complex litigation.  (*Id.* at 14–16.)

Because the Court finds that consolidation is appropriate, other Plaintiffs' do not object to the appointment, and Bursor & Fisher is able to fairly and adequately represent the class, the Court appoints Bursor &Fisher as interim class counsel.

## CONCLUSION

Upon consideration of the foregoing motions, the papers submitted in support, and good cause appearing, **IT IS HEREBY ORDERED** that the motions are **GRANTED** as follows:

1.  The above-referenced actions shall be consolidated onto a single docket and bear the civil case number of 14-CV-51 JLS (WVG) (the "Consolidated Action"). The Consolidated Action shall bear the name: *Conde, et al. v. Sensa, et al.*

*2.*  Bursor & Fisher is hereby appointed as Interim Class Counsel.

3.  Interim Class Counsel shall be responsible for coordinating the activities of Plaintiffs during pretrial proceedings and shall have the sole authority to:

    a.  determine and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the Court and opposing parties the position of the Plaintiffs on all matters arising during the pretrial proceedings;

    b.  coordinate the initiation and conduct of discovery on behalf of Plaintiffs consistent with the requirements of the Federal Rules;

    c.  conduct settlement negotiations on behalf of Plaintiffs and the putative class;

    d.  delegate specific tasks to other counsel in a manner to ensure that pretrial preparation for the Plaintiffs is conducted efficiently and effectively;

    e.  enter into stipulations with opposing counsel as necessary for the conduct of the litigation;

    f.  monitor the activities of all counsel to ensure that schedules are met and unnecessary expenditures of time and funds are avoided;

    g.  perform such other duties as may be incidental to the proper coordination of Plaintiffs' pretrial activities or authorized by further order of the Court.

4.  Plaintiffs' counsel shall file a Consolidated Amended Complaint <u>within 30 days</u> of this Order.

    **IT IS SO ORDERED**.

DATED: April 13, 2015

Honorable Janis L. Sammartino
United States District Judge