UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE CONDE, et al.,<br><br>                                   Plaintiff,<br><br>v.<br><br>SENSA, et al.,<br><br>                                   Defendant. | Case No.:  14-CV-51-JLS-WVG<br><br>**ORDER GRANTING PLAINTIFF'S EX PARTE RENEWED REQUEST FOR EXCUSAL FROM THE EARLY NEUTRAL EVALUATION CONFERENCE**<br><br>**[ECF No. 100]** |

## I. INTRODUCTION

Before the Court is Plaintiff Susan Grace Stokes' unopposed *ex parte* Renewed Request for Excusal from the Early Neutral Evaluation ("ENE") Conference scheduled for 2:00 p.m. on July 10, 2017. (ECF No. 100.) For the reasons stated below, Plaintiff's request is **GRANTED**.

## II. BACKGROUND

On June 2, 2015, the Court issued a Notice and Order scheduling an ENE Conference for June 29, 2015. (ECF No. 35.) After continuing the ENE Conference to July 16, 2015 at the parties' request, Plaintiff Stokes filed a request to appear telephonically at the July 2015 ENE Conference. (*See* ECF No. 47.) Plaintiff's initial request was denied by the Court because the vague "time and expense" reasons offered did not come close to meeting the

Court's "extraordinary circumstances" requirement for excusal from in person appearance at the ENE Conference. (ECF No. 45 at 5-6, citing Judge Gallo's Chambers Rules, II.) Accordingly, the Court denied the request. (*Id*. at 6.)

On July 14, 2015, Plaintiff filed a Renewed Request for Excusal from the July 2015 ENE Conference. (ECF No. 47.) That Request was accompanied by a sworn declaration by Plaintiff indicating she had "nine (9) surgeries" to her back and was "presently undergoing treatment." (ECF No. 47-4.) Plaintiff further stated that "[t]he pain associated with this medical condition prevents me from travelling to California." (*Id*.) Attached to Plaintiff's declaration was an x-ray and a handwritten statement signed by Plaintiff's physician indicating that Plaintiff is "physically unable to travel by plane, bus, or train." (*Id*.) This note was signed on July 14, 2015. (*Id*.) Given the declaration made under penalty of perjury, the Court found that Plaintiff met the "extraordinary circumstances" set forth in the Court's rules and excused Plaintiff's personal appearance from the ENE Conference. (*See* ECF No. 48.) The case has since been litigated extensively, resulting in an Answer to the Third Consolidated Complaint being filed on May 24, 2017. (ECF No. 94.)

On May 30, 2017 the Court issued a Notice and Order scheduling an ENE Conference for 2:00 p.m. on July 10, 2017. (ECF No. 95.) On June 26, 2017, Plaintiff filed an *ex parte* Request for Excusal from the current ENE Conference. (ECF No. 97.) This request was accompanied by a sworn declaration that also included the exact x-ray and handwritten statement signed by her physician that was first presented to the Court two years before. (ECF No. 97-1.) Given this outdated information, the Court denied the request without prejudice. (ECF No. 98.) Plaintiff filed a Renewed Request for Excusal on July 3, 2017, similarly requesting to be excused from the July 10, 2017 ENE Conference. (ECF No. 100.)

### III. DISCUSSION

The Court's Civil Chambers Rules state:

> The Court will **not** grant requests to excuse a required party from personally appearing [at an ENE Conference or Settlement Conference], absent

extraordinary circumstances. Distance or cost of travel alone does **not** constitute an "extraordinary circumstance."… Such requests may [] be made by submitting the request **in writing** at least **fourteen** (14) days before the scheduled [ENE Conference]. The request must be **filed** on the docket through CM/ECF.

Judge Gallo's Chambers Rules II(E) (emphasis in original). Additionally, the Notice and Order scheduling the ENE Conference advised the parties that "[a]ll parties … must be present **<u>in person</u>** and legally and factually prepared to discuss settlement of the case." (ECF No. 95 at 2, emphasis in original.)

The Court finds that Plaintiff has met the extraordinary circumstances standard set out in the Court's rules. Plaintiff has filed a declaration and exhibits in support of her request. Plaintiff's declaration indicates she cannot travel due to ongoing treatment for numerous back surgeries. (ECF No. 100-1 at 2.) Additionally, Plaintiff's doctor states that Plaintiff is "quite debilitated" and "is prohibited from traveling long distances." (*Id.* at 3.) Both documents are dated July 3, 2017. Given this updated information, the Court concludes Plaintiff has met the extraordinary circumstances standard and she is excused from personal appearance at the July 10, 2017 ENE Conference.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

# IV. CONCLUSION

Plaintiff's Request for Excusal from the ENE Conference is **GRANTED**. Plaintiff Stokes shall be available via telephone at all times from 2:00 p.m. until she is notified of the conclusion of the ENE Conference by her counsel.

The Court further notes that Plaintiff Stokes has yet to make a personal appearance in the matter. As the named plaintiff in a purported class action, Stokes is required to "adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Her protracted absence from this jurisdiction while the litigation unfolds concerns the Court. There is no substitute for personal attention and appearance. Telephonic participation may be appropriate on a short term or temporary basis, but not as a complete alternative to her personal involvement at critical stages, such as settlement conferences. As such, Stokes should begin to mentally and physically prepare herself to participate in person at the Mandatory Settlement Conference.[1]

**IT IS SO ORDERED**.

Dated: July 7, 2017

_____
Hon. William V. Gallo
United States Magistrate Judge

---

[1] The Court notes that as of the date of this order, the Mandatory Settlement Conference has not yet been set.

14-CV-51-JLS-WVG