JEFFREY L. RICHARDSON (SNB 167274)
    jlr@msk.com
VALENTINE A. SHALAMITSKI (SBN 236061)
    vas@msk.com
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, California 90064-1683
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Defendants
IB Holding, LLC and TechStyle, Inc.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE CONDE, *et al.*, | CASE NO. 14-CV-51 JLS (WVG) |
| Plaintiffs, | District Judge Janis L. Sammartino |
| v. | Magistrate Judge William V. Gallo |
| SENSA PRODUCTS, LLC, *et al.*, | **JOINT MOTION FOR ENTRY OF STIPULATED DISCOVERY PROTECTIVE ORDER** |
| Defendants. | |

Mitchell
Silberberg &
Knupp LLP

9483004.1

CASE NO. 14-CV-51 JLS (WVG)
JOINT MOTION FOR ENTRY OF STIPULATED PROTECTIVE ORDER

Pursuant to the Honorable William V. Gallo Chambers Rules, Section V, the undersigned parties, though their respective counsel of record, jointly request the Court enter a protective order governing certain discovery in this action.  The parties have agreed to be bound by a protective order which is attached hereto as **Exhibit 1** (the "Protective Order").  The Parties used the Southern District of California model protective order as the template, added the provision for filing documents under seal required by Judge Gallo in Section 12 of the Protective Order, and made a few changes to reflect the needs of the present case.  Attached hereto as **Exhibit 2** is the red-lined version of the Protective Order.

IT IS HEREBY STIPULATED, by and between the undersigned parties, through their respective counsel of record, that the Protective Order will govern the discovery process in this action.

Dated: November 13, 2017

**BURSOR & FISHER, P.A**.

By:    s/ L. Timothy Fisher
L. Timothy Fisher
ltfisher@bursor.com

L. Timothy Fisher (State Bar No. 191626)
1990 North California Boulevard, Suite 940
Walnut Creek, CA 94596
Telephone:  (925) 300-4455
E-Mail:   ltfisher@bursor.com

*Interim Class Counsel*

**GLANCY BINKOW & GOLDBERG LLP**
Lionel Z. Glancy (#134180)
Mark S. Greenstone (#199606)
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Email: info@glancylaw.com

**GLANCY BINKOW & GOLDBERG LLP**
Brian P. Murray (*pro hac vice*)
122 East 42nd Street, Suite 2920
New York, NY 10168
Telephone: (212) 682-5340
Email: bmurray@glancylaw.com

Mitchell
Silberberg &
Knupp LLP

9483004.1

1        CASE NO. 14-CV-51 JLS (WVG)
JOINT MOTION FOR ENTRY OF STIPULATED PROTECTIVE ORDER

**CHEFFY PASSIDOMO**
Louis D. D'Agostino (*pro hac vice pending*)
821 Fifth Avenue South
Naples, FL 34102
Telephone: (239) 261-9300

**COLEMAN, YOVANOVICH & KOESTER, P.A.**
Edmond E. Koester
4001 Tamiami Trail N., Suite 300
Naples, FL 34103
Telephone: (239) 435-3535

*Attorneys for Plaintiff Stokes*

Dated: November 13, 2017      **MITCHELL SILBERBERG & KNUPP LLP**

By:___s/ Valentine Shalamitski_____
          Valentine Shalamitski
          vas@msk.com

Jeffrey L. Richardson (State Bar No. 167274)
Valentine A. Shalamitski (State Bar No. 236061)
11377 West Olympic Boulevard
Los Angeles, CA 90064-1683
Telephone: (310) 312-2000
Facsimile: (310) 312-3100
E-Mail:  jlr@msk.com
            vas@msk.com

*Attorneys for Defendants IB Holding, LLC, and TechStyle, Inc. f/k/a/ Just Fabulous, Inc.*

## SIGNATURE ATTESTATION

I, Valentine Shalamitski, hereby certify that authorization for the filing of this document has been obtained from each of the other signatories shown above and that all signatories concur in the filing's content.

DATED: NOVEMBER 13, 2017        ___/s/ Valentine Shalamitski___
                                                  Valentine Shalamitski

Mitchell
Silberberg &
Knupp LLP

9483004.1

2        CASE NO. 14-CV-51 JLS (WVG)

# EXHIBIT 1

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE CONDE, et al., | Case No.:  14-CV-51 JLS (WVG) |
| Plaintiffs, | **STIPULATED PROTECTIVE** |
| v. | **ORDER** |
| SENSA PRODUCTS, LLC, et al., | |
| Defendants. | |

The Court recognizes that at least some of the documents and information ("materials") being sought through discovery in the above-captioned action are, for competitive, proprietary, or privacy reasons, among others, normally kept confidential by the parties. The parties have agreed to be bound by the terms of this Protective Order ("Order") in this action.

The materials to be exchanged throughout the course of the litigation between the parties may contain confidential, private, proprietary, or other commercial information, as is contemplated by, *inter alia*, Federal Rule of Civil Procedure 26(c). The purpose of this Order is to protect the confidentiality of such materials as much as practical during the litigation. THEREFORE:

## DEFINITIONS

1.     The term "Confidential Information" will mean and include information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is deemed to be Confidential Information by any party to which it belongs or which produces it in discovery.

2.     The term "materials" will include, but is not be limited to: documents; correspondence; memoranda; bulletins; blueprints; specifications; customer lists or other material that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; telegrams; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches; drawings; notes (including laboratory notebooks and records); reports; instructions; disclosures; other writings; models and prototypes and other physical objects.

3.     The term "counsel" will mean outside counsel of record, and other attorneys, paralegals, secretaries, and other support staff employed in the law firms identified below: BURSOR & FISHER, P.A.; GLANCY BINKOW & GOLDBERG LLP; CHEFFY PASSIDOMO; COLEMAN, YOVANOVICH & KOESTER, P.A.; and MITCHELL SILBERBERG & KNUPP LLP. "Counsel" also includes in-house attorneys for Defendants IB Holding, LLC and TechStyle, Inc.

## GENERAL RULES

4.     Each party to this litigation that produces or discloses any materials, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or information that the producing party believes should be subject to this Protective Order may designate the

same as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY."

a.      Designation as "CONFIDENTIAL": Any party may designate information as "CONFIDENTIAL" only if, in the good faith belief of such party and its counsel, the unrestricted disclosure of such information could be potentially prejudicial to the business or operations of such party or otherwise qualifies for protection under this Order or Federal Rule of Civil Procedure 26(c).

b.      Designation as "CONFIDENTIAL - FOR COUNSEL ONLY": Any party may designate information as "CONFIDENTIAL - FOR COUNSEL ONLY" only if, in the good faith belief of such party and its counsel, the information is among that considered to be most sensitive by the party, including but not limited to trade secret or other confidential research, development, financial or other commercial information.

5.      In the event the producing party elects to produce materials for inspection, no marking need be made by the producing party in advance of the initial inspection. For purposes of the initial inspection, all materials produced will be considered as "CONFIDENTIAL - FOR COUNSEL ONLY," and must be treated as such pursuant to the terms of this Order. Thereafter, upon selection of specified materials for copying by the inspecting party, the producing party must, within a reasonable time prior to producing those materials to the inspecting party, mark the copies of those materials that contain Confidential Information with the appropriate confidentiality marking.

6.      Whenever a deposition taken on behalf of any party involves a disclosure of Confidential Information designated by any party:

a.      the deposition or portions of the deposition must be designated as containing Confidential Information subject to the provisions of this Order; such designation must be made on the record whenever possible, but a party may designate portions of depositions as containing Confidential Information after transcription of the proceedings; a party will have until fourteen (14) days after receipt of the deposition transcript to inform the other party or parties to the

3

action of the portions of the transcript to be designated "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY."

b. the disclosing party will have the right to exclude from attendance at the deposition, during such time as the Confidential Information is to be disclosed, any person other than the deponent, counsel (including their staff and associates), the court reporter, and the person(s) agreed upon pursuant to paragraph 8 below; and

c. the originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY," as appropriate, and the original or any copy ultimately presented to a court for filing must not be filed unless it can be accomplished under seal, identified as being subject to this Order, and protected from being opened except by order of this Court.

7. All Confidential Information designated as "CONFIDENTIAL" or "CONFIDENTIAL FOR COUNSEL ONLY" must not be disclosed by the receiving party to anyone other than those persons designated within this Order and must be handled in the manner set forth below and, in any event, must not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

8. Information designated "CONFIDENTIAL - FOR COUNSEL ONLY" must be viewed only by counsel (as defined in paragraph 3) of the receiving party; the court and its personnel; court reporters and their staff; professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the form attached hereto as Exhibit A; and by independent experts under the conditions set forth in this Paragraph. The right of any independent expert to receive any Confidential Information will be subject to the advance approval of such expert by the producing party or by permission of

4

the Court. The party seeking approval of an independent expert must provide the producing party with the name and curriculum vitae of the proposed independent expert, and an executed copy of the form attached hereto as Exhibit A, in advance of providing any Confidential Information designated by the producing party to the expert. Any objection by the producing party to an independent expert receiving Confidential Information must be made in writing within fourteen (14) days following receipt of the identification of the proposed expert. Confidential Information may be disclosed to an independent expert if the fourteen (14) day period has passed and no objection has been made. The approval of independent experts must not be unreasonably withheld.

9.      Information designated "CONFIDENTIAL" must be viewed only by counsel (as defined in paragraph 3) of the receiving party; the court and its personnel; court reporters and their staff; by independent experts (pursuant to the terms of paragraph 8), and by the additional individuals listed below, provided each such individual has read this Order in advance of disclosure and has agreed in writing to be bound by its terms by executing the form attached hereto as Exhibit A:

      a)    The officers, directors, and employees of the receiving party to whom disclosure is reasonably necessary for this litigation;

      b)    Technical personnel of the parties with whom Counsel for the parties find it necessary to consult, in the discretion of such counsel, in preparation for trial of this action;

      c)    Stenographic and clerical employees associated with the individuals identified above;

      d)    Professional vendors to whom disclosure is reasonably necessary for this litigation; and

      e)    During their depositions, witnesses in the action to whom disclosure is reasonably necessary, unless otherwise agreed by the producing party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Confidential Information must be

separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

10. With respect to material designated "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY," any person indicated on the face of the document to be its originator, author or a recipient of a copy of the document, may be shown the same.

11. All information which has been designated as "CONFIDENTIAL" or "CONFIDENTIAL -FOR COUNSEL ONLY" by the producing or disclosing party, and any and all reproductions of that information, must be retained in the custody of the counsel for the receiving party identified in paragraph 3 or professional vendors retained by counsel, except that independent experts authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for their participation in this litigation.

12. Before any materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as Confidential Information are filed with the Court for any purpose, the party seeking to file such material must seek permission of the Court to file the material under seal. No document shall be filed under seal unless counsel secures a court order allowing the filing of a document under seal. An application to file a document under seal shall be served on opposing counsel, and on the person or entity that has custody and control of the document, if different from opposing counsel. If opposing counsel, or the person or entity who has custody and control of the document, wishes to oppose the application, he/she must contact the chambers of the judge who will rule on the application, to notify the judge's staff that an opposition to the application will be filed.

13. At any stage of these proceedings, any party may object to a designation of the materials as Confidential Information. The party objecting to confidentiality must notify, in writing, counsel for the designating party of the objected-to materials and the grounds for the objection. If the dispute is not resolved consensually between the parties

within fourteen (14) days of receipt of such a notice of objections, the parties shall promptly submit a joint letter brief to the court no longer than four pages. Failure by the producing party to provide a draft of its portion of the letter brief to the receiving party within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier shall automatically waive the confidentiality designation for each challenged designation. In addition, any party may seek prior leave of court to file a motion regarding a confidentiality designation at any time if there is good cause for doing so.  Any motion that the court permits to be brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by this paragraph. The materials at issue must be treated as Confidential Information, as designated by the designating party, until the Court has ruled on the objection or the matter has been otherwise resolved.

14.   All Confidential Information must be held in confidence by those inspecting or receiving it, and must be used only for purposes of this action. Counsel for each party, and each person receiving Confidential Information must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If Confidential Information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

15.   No party will be responsible to another party for disclosure of Confidential Information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

16.    If a party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this

Order, the designating party may give written notice to the receiving party that the document or thing produced is deemed Confidential Information, and that the document or thing produced should be treated as such in accordance with that designation under this Order. The receiving party must treat the materials as confidential, once the designating party so notifies the receiving party. If the receiving party has disclosed the materials before receiving the designation, the receiving party must notify the designating party in writing of each such disclosure. Counsel for the parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY" - SUBJECT TO PROTECTIVE ORDER.

17.    Nothing within this order will prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.  Further, when a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

18.    Nothing in this Order will bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as Confidential Information, provided that the contents of the information must not be disclosed.

19.    This Order will be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information. The existence of this Order must not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

20.    Nothing within this Order will be construed to prevent disclosure of Confidential Information if such disclosure is required by law or by order of the Court. If

a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any Confidential Information, that party must:

    a) promptly notify in writing the designating party. Such notification shall include a copy of the subpoena or court order;

    b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

    c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose Confidential Information may be affected.

Unless the party served with the subpoena or court order has obtained the designating party's permission, the party shall not produce any information designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" before the date called for in the subpoena or order and, to the extent permitted by applicable law, such documents shall not be produced before a determination by the Court from which the subpoena or order issued if the designating party timely seeks a protective order.  The designating party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.

21.    Upon final termination of this action, including any and all appeals, counsel for each party must, upon request of the producing party, return all Confidential Information to the party that produced the information, including any copies, excerpts, and summaries of that information, or must destroy same at the option of the receiving party, and must purge all such information from all machine-readable media on which it resides. Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate Confidential Information, and will continue to be bound by this Order with

respect to all such retained information. Further, attorney work product materials that contain Confidential Information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information.

22. The restrictions and obligations set forth within this Order will not apply to any information that: (a) the parties agree should not be designated Confidential Information; (b) the parties agree, or the Court rules, is already public knowledge; (c) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Order; or (d) has come or will come into the receiving party's legitimate knowledge independently of the production by the designating party. Prior knowledge must be established by pre-production documentation.

23. The restrictions and obligations within this Order will not be deemed to prohibit discussions of any Confidential Information with anyone if that person already has or obtains legitimate possession of that information.

24. Transmission by email is acceptable for all notification purposes within this Order.

25. This Order may be modified by agreement of the parties, subject to approval by the Court.

26. The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings. The parties prefer that the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications, prior to entry of such an order.

**IT IS SO ORDERED** this _____ day of November, 2017.

_____
William V. Gallo
Magistrate Judge, United States District Court

10

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that I

have read in its entirety and understand the Stipulated Protective Order that was issued by

the United States District Court for the Southern District of California on [date] in the case

of *Conde et al. v. Sensa Products, LLC et al.*, USDC Case No. 14-CV-51 JLS (WVG). I

agree to comply with and to be bound by all the terms of this Stipulated Protective Order

and I understand and acknowledge that failure to so comply could expose me to sanctions

and punishment in the nature of contempt. I solemnly promise that I will not disclose in any

manner any information or item that is subject to this Stipulated Protective Order to any

person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Southern District of California for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this

action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone

number] as my California agent for service of process in connection with this action or any

proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____


Printed name: _____


Signature: _____

11

14-CV-51 JLS (WVG)

# EXHIBIT 2

1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                       SOUTHERN DISTRICT OF CALIFORNIA

10

11   JOSE CONDE, et al.,                    Case No.:  14-CV-51 JLS (WVG)

12                          Plaintiffs,     **STIPULATED PROTECTIVE**

13   v.                                     **ORDER**

14   SENSA PRODUCTS, LLC, et al.,

15                          Defendants.

16

17        The Court recognizes that at least some of the documents and information

18   ("materials") being sought through discovery in the above-captioned action are, for

19   competitive, proprietary, or privacy reasons, among others, normally kept confidential by

20   the parties. The parties have agreed to be bound by the terms of this Protective Order

21   ("Order") in this action.

22        The materials to be exchanged throughout the course of the litigation between the

23   parties may contain trade secret or other confidential, private, proprietary, research,

24   technical, cost, price, marketing or other commercial information, as is contemplated by,

25   *inter alia,* Federal Rule of Civil Procedure 26(c)(7). The purpose of this Order is to

26   protect the confidentiality of such materials as much as practical during the litigation.

27   THEREFORE:

28

DEFINITIONS

1.     The term "Confidential Information" will mean and include information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is deemed to be Confidential Information by any party to which it belongs or which produces it in discovery.

2.     The term "materials" will include, but is not be limited to: documents; correspondence; memoranda; bulletins; blueprints; specifications; customer lists or other material that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; telegrams; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches; drawings; notes (including laboratory notebooks and records); reports; instructions; disclosures; other writings; models and prototypes and other physical objects.

3.     The term "counsel" will mean outside counsel of record, and other attorneys, paralegals, secretaries, and other support staff employed in the law firms identified below: BURSOR & FISHER, P.A.; GLANCY BINKOW & GOLDBERG LLP; CHEFFY PASSIDOMO; COLEMAN, YOVANOVICH & KOESTER, P.A.; and MITCHELL SILBERBERG & KNUPP LLP.

["Counsel" also includes in-house attorneys for [Plaintiff] and in-house attorneys for [Defendants IB Holding, LLC and TechStyle, Inc.]

GENERAL RULES

2

4.     Each party to this litigation that produces or discloses any materials, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or information that the producing party believes should be subject to this Protective Order may designate the same as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY."

a.     Designation as "CONFIDENTIAL": Any party may designate information as "CONFIDENTIAL" only if, in the good faith belief of such party and its counsel, the unrestricted disclosure of such information could be potentially prejudicial to the business or operations of such party or otherwise qualifies for protection under this Order or Federal Rule of Civil Procedure 26(c).

b.     Designation as "CONFIDENTIAL - FOR COUNSEL ONLY": Any party may designate information as "CONFIDENTIAL - FOR COUNSEL ONLY" only if, in the good faith belief of such party and its counsel, the information is among that considered to be most sensitive by the party, including but not limited to trade secret or other confidential research, development, financial or other commercial information.

5.     In the event the producing party elects to produce materials for inspection, no marking need be made by the producing party in advance of the initial inspection. For purposes of the initial inspection, all materials produced will be considered as "CONFIDENTIAL - FOR COUNSEL ONLY," and must be treated as such pursuant to the terms of this Order. Thereafter, upon selection of specified materials for copying by the inspecting party, the producing party must, within a reasonable time prior to producing those materials to the inspecting party, mark the copies of those materials that contain Confidential Information with the appropriate confidentiality marking.

6.     Whenever a deposition taken on behalf of any party involves a disclosure of Confidential Information designated by of any party:

a.     the deposition or portions of the deposition must be designated as containing Confidential Information subject to the provisions of this Order; such designation must be made on the record whenever

3

possible, but a party may designate portions of depositions as containing Confidential Information after transcription of the proceedings; [Aa] party will have until fourteen (14) days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript to be designated "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY."

b.  the disclosing party will have the right to exclude from attendance at the deposition, during such time as the Confidential Information is to be disclosed, any person other than the deponent, counsel (including their staff and associates), the court reporter, and the person(s) agreed upon pursuant to paragraph 8 below; and

c.  the originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY," as appropriate, and the original or any copy ultimately presented to a court for filing must not be filed unless it can be accomplished under seal, identified as being subject to this Order, and protected from being opened except by order of this Court.

7.  All Confidential Information designated as "CONFIDENTIAL" or "CONFIDENTIAL FOR COUNSEL ONLY" must not be disclosed by the receiving party to anyone other than those persons designated within this order Order and must be handled in the manner set forth below and, in any event, must not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

8.  Information designated "CONFIDENTIAL - FOR COUNSEL ONLY" must be viewed only by counsel (as defined in paragraph 3) of the receiving party; the court and its personnel; court reporters and their staff; professional vendors to whom disclosure

4

is reasonably necessary for this litigation and who have signed the form attached hereto as Exhibit A; and by independent experts under the conditions set forth in this Paragraph. The right of any independent expert to receive any Confidential Information will be subject to the advance approval of such expert by the producing party or by permission of the Court. The party seeking approval of an independent expert must provide the producing party with the name and curriculum vitae of the proposed independent expert, and an executed copy of the form attached hereto as Exhibit A, in advance of providing any Confidential Information designated by of the producing party to the expert. Any objection by the producing party to an independent expert receiving Confidential Information must be made in writing within fourteen (14) days following receipt of the identification of the proposed expert. Confidential Information may be disclosed to an independent expert if the fourteen (14) day period has passed and no objection has been made. The approval of independent experts must not be unreasonably withheld.

9.     Information designated "CONFIDENTIAL" must be viewed only by counsel (as defined in paragraph 3) of the receiving party;, the court and its personnel; court reporters and their staff; by independent experts (pursuant to the terms of paragraph 8), and by the additional individuals listed below, provided each such individual has read this Order in advance of disclosure and has agreed in writing to be bound by its terms by executing the form attached hereto as Exhibit A:

        a)    The officers, directors, and employees of the receiving party to whom disclosure is reasonably necessary for this litigationExecutives who are required to participate in policy decisions with reference to this action;

        b)    Technical personnel of the parties with whom Counsel for the parties find it necessary to consult, in the discretion of such counsel, in preparation for trial of this action; and

        c)    Stenographic and clerical employees associated with the individuals identified above:

d)   Professional vendors to whom disclosure is reasonably necessary for this litigation; and

e)e)   During their depositions, witnesses in the action to whom disclosure is reasonably necessary, unless otherwise agreed by the producing party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Confidential Information must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.-

10.   With respect to material designated "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY," any person indicated on the face of the document to be its originator, author or a recipient of a copy of the document, may be shown the same.

11.   All information which has been designated as "CONFIDENTIAL" or "CONFIDENTIAL -FOR COUNSEL ONLY" by the producing or disclosing party, and any and all reproductions of that information, must be retained in the custody of the counsel for the receiving party identified in paragraph 3 or professional vendors retained by counsel, except that independent experts authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for their participation in this litigation.

12.   Before any materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as Confidential Information are filed with the Court for any purpose, the party seeking to file such material must seek permission of the Court to file the material under seal.  No document shall be filed under seal unless counsel secures a court order allowing the filing of a document under seal. An application to file a document under seal shall be served on opposing counsel, and on the person or entity that has custody and control of the document, if different from opposing counsel. If opposing counsel, or the person or entity who has custody and control of the document, wishes to oppose the

application, he/she must contact the chambers of the judge who will rule on the application, to notify the judge's staff that an opposition to the application will be filed.

13.     At any stage of these proceedings, any party may object to a designation of the materials as Confidential Information. The party objecting to confidentiality must notify, in writing, counsel for the designating party of the objected-to materials and the grounds for the objection. If the dispute is not resolved consensually between the parties within fourteen ~~seven~~ (~~7~~14) days of receipt of such a notice of objections, the parties shall promptly submit a joint letter brief to the court no longer than four pages. Failure by the producing party to provide a draft of its portion of the letter brief to the receiving party within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier shall automatically waive the confidentiality designation for each challenged designation. In addition, any party may seek prior leave of court to file a motion regarding a confidentiality designation at any time if there is good cause for doing so.  Any motion that the court permits to be brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by this paragraph~~objecting party may move the Court for a ruling on the objection~~. The materials at issue must be treated as Confidential Information, as designated by the designating party, until the Court has ruled on the objection or the matter has been otherwise resolved.

14.     All Confidential Information must be held in confidence by those inspecting or receiving it, and must be used only for purposes of this action. Counsel for each party, and each person receiving Confidential Information must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If Confidential Information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to

7

prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

15.     No party will be responsible to another party for disclosure of Confidential Information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

16.     If a party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Order, the designating party may give written notice to the receiving party that the document or thing produced is deemed Confidential Information, and that the document or thing produced should be treated as such in accordance with that designation under this Order. The receiving party must treat the materials as confidential, once the designating party so notifies the receiving party. If the receiving party has disclosed the materials before receiving the designation, the receiving party must notify the designating party in writing of each such disclosure. Counsel for the parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY" - SUBJECT TO PROTECTIVE ORDER.

17.     Nothing within this order will prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.  Further, when a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

18.     Nothing in this Order will bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as Confidential Information, provided that the contents of the information must not be disclosed.

19.     This Order will be without prejudice to the right of any party to oppose

production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information. The existence of this Order must not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

20.    Nothing within this ~~order~~ Order will be construed to prevent disclosure of Confidential Information if such disclosure is required by law or by order of the Court. If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any Confidential Information, that party must:

(a)    promptly notify in writing the designating party. Such notification shall include a copy of the subpoena or court order;

(b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose Confidential Information may be affected.

Unless the party served with the subpoena or court order has obtained the designating party's permission, the party shall not produce any information designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" before the date called for in the subpoena or order and, to the extent permitted by applicable law, such documents shall not be produced before a determination by the Court from which the subpoena or order issued if the designating party timely seeks a protective order.  The designating party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.

~~20.~~21.	Upon final termination of this action, including any and all appeals, counsel

9

for each party must, upon request of the producing party, return all Confidential Information to the party that produced the information, including any copies, excerpts, and summaries of that information, or must destroy same at the option of the receiving party, and must purge all such information from all machine-readable media on which it resides. Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate Confidential Information, and will continue to be bound by this Order with respect to all such retained information. Further, attorney work product materials that contain Confidential Information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information.

21.22. The restrictions and obligations set forth within this ~~order~~ Order will not apply to any information that: (a) the parties agree should not be designated Confidential Information; (b) the parties agree, or the Court rules, is already public knowledge; (c) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Order; or (d) has come or will come into the receiving party's legitimate knowledge independently of the production by the designating party. Prior knowledge must be established by pre-production documentation.

22.23. The restrictions and obligations within this ~~order~~ Order will not be deemed to prohibit discussions of any Confidential Information with anyone if that person already has or obtains legitimate possession of that information.

23.24. Transmission by email~~facsimile~~ is acceptable for all notification purposes within this ~~order~~Order.

24.25. This Order may be modified by agreement of the parties, subject to approval by the Court.

25.26. The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings.

10

The parties prefer that the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications, prior to entry of such an order.

     IT IS SO ORDERED this _____ day of _____, _____

_____
                   Magistrate Judge, United States District Court

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Southern District of California on [date] in the case of *Conde et al. v. Sensa Products, LLC et al.*, USDC Case No. 14-CV-51 JLS (WVG). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Southern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date:_____

City and State where sworn and signed:_____


Printed name:_____


Signature:_____

12

## CERTIFICATE OF SERVICE CM/ECF

I hereby certify under penalty of perjury that on November 14, 2017, I caused the foregoing document titled **JOINT MOTION FOR ENTRY OF STIPULATED PROTECTIVE ORDER** to be electronically filed with the Clerk of the United States District Court for the Southern District of California by using the Court's CM/ECF system.

All participants in the case are registered CM/ECF users and service will be accomplished by the United States District Court for the Southern District of California's CM/ECF System.

DATED: NOVEMBER 14, 2017       /s/ Valentine Shalamitski
                                Valentine Shalamitski

Mitchell
Silberberg &
Knupp LLP

9483004.1

3       CASE NO. 14-CV-51 JLS (WVG)
JOINT MOTION FOR ENTRY OF STIPULATED PROTECTIVE ORDER